IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CARANZA O. ETIER,
                        Plaintiff,
            v.                                    CASE NO.06-3254-SAC

CONNIE SULFRING, et al.,
                        Defendants.


CARANZA O. ETIER,
                        Plaintiff,
            v.                                    CASE NO.06-3255-SAC

LEROY GREEN et al.,
                        Defendants.


CARANZA O. ETIER,
                        Plaintiff,
            v.                                    CASE NO.06-3256-SAC

M. HERNANDY, et al.,
                        Defendants.


**O R D E R**

Before the court are three complaints filed pro se by a prisoner confined in the Wyandotte County Detention Center in Kansas City, Kansas.  Having reviewed the claims asserted in the complaints, the court finds it appropriate to consolidate the three actions on its own motion.

Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate

trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the consolidated complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Full exhaustion of administrative remedies is required before a prisoner can bring a civil action regarding prison conditions into federal court. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  However, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).  Having reviewed

---

[1]*See* <u>Etier v. Theroff</u>, Case No. 06-3219-SAC ($350.00 district court filing fee).

plaintiff's allegations, the court finds this consolidated action is subject to being summarily dismissed pursuant to 42 U.S.C. § 1997e(c)(2).

Plaintiff's complaints all center on the conditions of his confinement in the Wyandotte County facility.

06-3254 Complaint

In his first complaint, plaintiff claims he and other prisoners are denied timely medical treatment, and claims facility staff are not doing their jobs. Plaintiff specifically cites a back injury he sustained while playing ball. He states he was seen by a nurse who scheduled a doctor's appointment that has been delayed and rescheduled.

Plaintiff has no standing to seek relief on behalf of other prisoners. Additionally, his bare reference to delayed physician review of leg pain is insufficient to establish a serious medical need or deliberate indifference by any defendant. *See* Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(to state a cognizable constitutional claim of failure to provide medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs'")(*quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nor does plaintiff identify any substantial harm to support his claim that delayed medical care violated his constitutional rights. *See* Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993)(delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm).

06-3255 Complaint

In his second complaint, plaintiff broadly complains that he

and other prisoners are denied timely access to clean clothes and linens, timely attention to medical requests, and adequate food.  He also repeats his contention that defendants are not operating the facility according the rules.

Prisoners are entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996)(*quoting* Estelle, 429 U.S. at 103).   Prison officials are required to provide "the basic necessities of adequate food, clothing, shelter, and medical care." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)(*citing* Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)).  Plaintiff's broad and bare allegations fall far short of establishing the denial of "the minimal civilized measure of life's necessities," and that any defendant showed "deliberate indifference" to plaintiff's needs. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991).

06-3256 Complaint

In his third complaint, plaintiff claims he was improperly charged with breaking a facility rule against making sexual proposals or threats to another, and contends a jail staff member violated facility rules by opening a sealed envelope that plaintiff had verbally indicated was directed to the staff member.  Plaintiff also broadly claims the disciplinary process at the facility is corrupt, and that plaintiff's disciplinary punishment violated his rights under the Equal Protection Clause because the staff member was not also punished for her alleged rule violation.

The court finds these allegations are frivolous at best, and fall far short of establishing any claim of constitutional significance.

4

Damages for Mental Anguish

Finally, plaintiff seeks damages for mental anguish and depression.  This claim for damages is subject to being dismissed because plaintiff identifies no physical injury in support of such a claim.  *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Accordingly, the court directs plaintiff to show cause why this consolidated action should not be dismissed for the reasons stated herein.  The failure to file a timely response may result in the consolidated complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that the three cases captioned herein are consolidated by the court.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis in the consolidated action.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for the reasons identified by the court.

**IT IS SO ORDERED.**

DATED:  This 20th day of September 2006 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

5